IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANCI ISSA BALZAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-901-N-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Tanci Issa Balzan has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. For the reasons stated herein, the petition should be summarily denied.

**Background**

In 2010, pursuant to 18 U.S.C. § 3184, Petitioner was certified as extraditable to stand trial in Argentina for fraud. *See United States v. Balzan,* No. 3:10-mj-340-BH (N.D. Tex. May 11, 2011) (Dkt. No. 33). Petitioner unsuccessfully appealed the certification and commitment order by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Balzan v. United States*, No. 3:11-cv-1155-N-BH, 2011 WL 4840730 (N.D. Tex. Sept. 21, 2011), *rec. adopted,* 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011), *aff'd*, 702 F.3d 220 (5th Cir. 2012). He also unsuccessfully sought clarification of the extradition order through two separate habeas petitions. *See Balzan v. United States,* No. 3:12-cv-4815-D-BK, 2012 WL 6965062 (N.D. Tex. Dec. 11, 2012), *rec.*

*adopted*, 2013 WL 373438 (N.D. Tex. Jan. 31, 2013) (summarily dismissing petition with prejudice); *Balzan v. United States*, No. 3:12-cv-5135-M-BH, 2013 WL 359648 (N.D. Tex. Jan. 11, 2013), *rec. adopted*, 2013 WL 362814 (N.D. Tex. Jan. 30, 2013) (summarily dismissing petition with prejudice and issuing sanction warning). Petitioner then renewed his request for "assurances" and "clarification" regarding the offenses that are the basis for his extradition in a Section 2241 petition that Magistrate Judge Renée Harris Toliver has recommended be summarily dismissed. *See Balzan v. United States*, No. 3:13-cv-174-L-BK (N.D. Tex. Feb. 7, 2013) (Dkt. No. 7) (recommending summary dismissal with prejudice and sanction warning).

Now, undeterred, Petitioner seeks mandamus relief, alleging that he is entitled to release from custody because Argentina failed to comply with the terms of the extradition treaty that purportedly requires his removal to Argentina within 30 days. *See* Dkt. No. 3 at 1.

**Legal standards**

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact.

*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 490 U.S. at 326-27. A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell,* No. 3:03-cv-0340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (dismissing 28 U.S.C. § 2254 habeas petition as duplicative where another writ raising the same claims was pending before another judge).

Under the federal mandamus statute, a district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus may only be invoked in extraordinary situations. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal quotation marks omitted).

**Analysis**

Petitioner claims that he is entitled to release from custody because he has not been removed from the United States within 30 days of his certification as extraditable. Under the Extradition Treaty Between the United States and the Argentine Republic,

> [i]f extradition is granted, the Parties shall agree on the time and place

>  for the surrender of the person sought. If the person sought is not removed from the territory of the Requested State within thirty (30) calendar days from the time of the notification described in paragraph 1 of this Article [setting forth requirements to notify the Requesting State of decision on the request for extradition] or within the time prescribed by the law of that State, whichever is longer, that person may be discharged from custody, and the Requested State may refuse a subsequent extradition request from the Requesting State for that person for the same offense.

Extradition Treaty Between the United States of America and the Argentine Republic Art. 2, U.S.-Arg., June 10, 1997, S. Treaty Doc. No. 105-18, available at http://www.state.gov/documents/organization.101677.pdf. Although Petitioner apparently believes that this provision grants him a private right of action for release, it does not do so. Instead, the provision provides that the Requested State (here, the United States) <u>may</u> release him from custody should the Requesting State (Argentina) fail to effect his extradition in a timely manner – which bespeaks a discretionary act by a government officer. *See id.* That provides no basis for mandamus relief. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.,* 112 F.3d 1283, 1288 (5th Cir. 1997) ("In order for mandamus to issue, Dunn-McCampbell must demonstrate that a government officer owes the companies a legal duty that is a specific, ministerial act, devoid of the exercise of judgment or discretion. The legal duty must be set out in the Constitution or by statute, and its performance must be positively commanded and so plainly prescribed as to be free from doubt." (citations omitted)). It is certainly not "clear and certain" that the United States, through the Secretary of State, has a ministerial duty to release Petitioner at the expiration of any time certain under the Extradition Treaty. *See Giddings*, 979 F.2d at 1108. In any case, Petitioner has not established that

the Requested State has notified the Requesting State of its final decision on the request for extradition, particularly given Petitioner's repeated attempts to invalidate the certification over the last year.

To the extent that Petitioner seeks mandamus relief through release from custody pursuant to 18 U.S.C. § 3188, that request is also meritless. The extradition statutes afford protection against indefinite incarceration during the pendency of extradition. Specifically, Section 3188 provides that,

> [w]henever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

18 U.S.C. § 3188. However, Section 3188's two-month period only runs from the time an individual's claims are finally adjudicated, "not from the time of the original commitment order he has been challenging." *Jimenez v. United States Dist. Court for the Southern Dist. of Fla.*, 84 S. Ct. 14, 18 (1963) (Goldberg, J., in chambers). Here, Petitioner has himself delayed the final adjudication of his claims through repeated – and often frivolous – requests for habeas relief pursuant to 28 U.S.C. § 2241. Even if Petitioner's extradition certification was deemed final, "[t]he statute clearly contemplates an exercise of discretion by the court." *In re United States*, 713 F.2d 105,

108 (5th Cir. 1983). Therefore, mandamus relief may not lie. *See Dunn-McCampbell*, 112 F.3d at 1288.

Accordingly, Petitioner's request for mandamus relief is meritless and should be summarily denied.

## Recommendation

Petitioner's petition for writ of mandamus [Dkt. No. 3] should be summarily denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-7-